IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOHNNY AUSTIN BENTON     *
    *
    *
        Plaintiff,     *
v.     *     No. 4:22-cv-00047-JJV
    *
ERIC S. HIGGINS,     *
Sheriff, Pulaski County, *et al.*     *
    *
        Defendants.     *

**MEMORANDUM AND ORDER**

**I.    INTRODUCTION**

Johnny Austin Green ("Plaintiff") was in the Pulaski County Regional Detention Center ("PCRDF") when he filed this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 2.) But he is no longer in custody. (Doc. 65.) In his Second Amended Complaint, Plaintiff says that from December 2021 to January 2022, defendants Mary Green, Tyler Witham, Hoover Bailey, Adrian Sanders, Christopher Moseley, Michael Hagerty, Raven Browing, Dedrick Rimmer, Cody Smith, Jared Lambert, and Tommy Stovall violated his constitutional rights by exposing him to second-hand or environmental tobacco smoke ("ETS"). (Doc. 15.) Plaintiff brings these claims against Defendants in their personal capacities, and the only relief he seeks is monetary damages. (*Id*.) All other claims and parties have been previously dismissed without prejudice. (Docs. 12, 51.) And the parties have consented to proceed before me. (Doc. 49.)

Defendants have filed a Motion for Summary Judgment arguing they are entitled to qualified immunity. (Docs. 59-61.) Plaintiff has filed a two-page Response. (Doc. 64.) After careful consideration and for the following reasons, the Motion for Summary Judgment is GRANTED, Plaintiff's claims against the remaining Defendants are dismissed with prejudice, and

this case is CLOSED.

## II.     SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.*  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of W. Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    FACTS

Although Plaintiff began his confinement in the PCRDF in October of 2021 on new criminal charges, the parties agree that as of November 2021, he was in custody for a parole

2

violation. (Doc. 15, Doc. 61-2.) In his Second Amended Complaint, Plaintiff says that during scattered days and shifts, from December 16, 2021 until January 31, 2022, Defendants exposed him to ETS when they used cigarettes or vapes in the "back of A-pod" or "at the back table in A-pod.[1] (Doc. 15 at 5-6.)

The parties agree the PCRDF policy states it is a "smoke and tobacco free" facility and that the "[u]se of tobacco products is only authorized in the designated outside areas of the facility." (Doc. 61-5 at 1.) Defendants say in their sworn affidavits they only smoked in the "outside activity area at the back of A-Unit, [which] was the designated smoking area." (Docs. 61-7, 61-8, 61-9, 61-10, 61-11, 61-12, 61-13.) They also deny smoking inside the facility and say Plaintiff could have walked away from the outside smoking area. (*Id.*) It is impossible to tell from Plaintiff's Second Amended Complaint and Response to the Motion for Summary Judgment if he agrees or disagrees with these assertions. However, it is undisputed that when Plaintiff arrived at the ADC in February 2022, he reported that he had smoked a pack of cigarettes a day for fifty-two years. (Doc. 61-6 at 2.)

## IV.   ANALYSIS

Qualified immunity protects government officials from § 1983 liability for damages if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019); *Irvin v. Richardson*, 20 F.4th 1199, 1204 (8th Cir. 2021). Whether qualified immunity applies to this case is a question of law, not fact, for the court to decide. *Kelsay v. Ernest,* 933 F.3d 975, 981

---

[1] Plaintiff says this happened on Dec. 16, 24, 27, 30; Jan. 6, 8, 9, 11, 22, 23, 24, 26-31. (Doc. 15.) He also claims that, on one or two occasions, a defendant chewed tobacco in his presence. (*Id.*) But Plaintiff does not explain how he was harmed by it.

(8th Cir. 2019).

Defendants are entitled to qualified immunity if: (1) the evidence, viewed in the light most favorable to Plaintiff, does not establish a violation of his constitutional rights; or (2) that constitutional right was not clearly established such that a reasonable official would not have known his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *MacKintrush v. Pulaski Cty. Sheriff's Dep't*, 987 F.3d 767, 770 (8th Cir. 2021). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." *Pearson* 555 U.S. at 236; *Mogard v. City of Milbank*, 932 F.3d 1184, 1188 (8th Cir. 2019). Defendants argue they are entitled to qualified immunity based on the first prong of the analysis. And I agree.

Because it is undisputed Plaintiff was in custody for a parole violation at the time of the alleged constitutional violation, I conclude the Eighth Amendment standard for convicted prisoners (rather than the Fourteenth Amendment standard for pretrial detainees) applies to his claim. *See, e.g., Flores v. Mesenbourg*, Case No. 95-17241, 1997 WL 303277, *1 (9th Cir. June 2, 1997) (the Eighth Amendment standard applies to parole violations because the original convictions are the authority under which the plaintiffs were confined); *Dodd v. Lattimore,* No. 4:18-cv-487-JM-BD, 2018 WL 4346686, at *1 (E.D. Ark. Aug. 30, 2018), *rec. adopted,* 2018 WL 4345255 (applying Eighth Amendment standard because at the time of the alleged constitutional violation the plaintiff was "a convicted, paroled, and re-incarcerated person").

To defeat qualified immunity and proceed to trial on his conditions of confinement claim under the Eighth Amendment, Plaintiff must have evidence that: (1) objectively, the conditions he endured constituted a substantial risk of serious harm to his health or safety; and (2) subjectively, the Defendants were deliberately indifferent to the risk of harm posed by the conditions. *See*

4

*Vandevender v. Sass,* 970 F.3d 972, 975 (8th Cir. 2020); *Hamner v. Burls,* 937 F.3d 1171, 1178 (8th Cir. 2019).  As to tobacco smoke, a prisoner may satisfy the objective element of this test if there is evidence Defendants exposed him to "unreasonably high levels of ETS" that "pose an unreasonable risk of serious damage to his future health."  *Helling v. McKinney*, 509 U.S. 25, 35 (1993) (prisoner, whose cellmate smoked five packs of cigarettes a day, could bring an Eighth Amendment claim for present and future possible harm to his health).

As previously explained, it is unclear from Plaintiff's pleadings whether he disagrees with Defendants' assertions that they only smoked outside.  But even if I presume Plaintiff is saying Defendants smoked inside where he could not escape the fumes, his claim nevertheless fails because there is <u>no evidence</u> he was exposed to "unreasonably high levels of ETS" at the PCRDF.  *See Larson v. Kempker*, 414 F.3d 936, 940 (8th Cir. 2005) (denying preliminary injunctive relief when a prisoner failed to present evidence he was subjected to unreasonably high levels of ETS or how such exposure adversely affected his current and/or future health); *Henderson v. Lambert*, No. 13-2126, 2014 WL 977674, at *3 (W.D. Ark. Mar. 13, 2014), *aff'd*, 577 F. App'x 633 (8th Cir. 2014) (no evidence of exposure to unreasonably high level of ETS when, on two occasions, guards smoked in a van transporting the plaintiff).

Similarly, there is <u>no evidence</u> Plaintiff's current or future health was adversely affected by his limited exposure to ETS at the PCRDF as opposed to his admitted habit of smoking a pack of cigarettes a day for fifty-two years.  *See Helling*, 509 U.S. at 36 (the objective factor requires "a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to ETS;" and the court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk"); *Schaub v.*

5

*VonWald,* 638 F.3d 905, 921 (8th Cir. 2011) (affirming dismissal "where the casual link" between the defendant's alleged conduct and the prisoner's injury "is so tenuous as to justify taking it from the trier of fact"); *Mitchell v. Dakota Cty. Soc. Servs.,* 959 F.3d 887, 896 (8th Cir. 2020) ("a plaintiff must show an injury in fact traceable to the defendant's conduct that will likely be redressed by a favorable decision").

In his grievances and Response to the Motion for Summary Judgment, Plaintiff says Defendants violated his constitutional rights because they smoked but did not allow him or the other detainees to do so. (Docs. 15, 61-3.) However, Plaintiff did not have a constitutional right to smoke. *Gallagher v. City of Clayton*, 699 F.3d 1013, 1018 (8th Cir. 2012); *Grass v. Sargent*, 903 F.2d 1206, 1206 (8th Cir. 1990); *see also Brown v. Boone Cnty.*, Ark., No.13-3065, 2014 WL 4404973, at *5 (W.D. Ark. July 25, 2014), *rec. adopted*, 2014 WL 4405433 (W.D. Ark. Sept. 5, 2014) (no viable equal protection claim when jailers were able to use tobacco products while inmates were not because "inmates are not similarly situated to jail personnel and no fundamental right is involved").

According to Plaintiff, unspecified state and federal "guidelines" say a designated "smoking facility" allows detainees and employees to smoke in a designated area, while a "smoke free facility" does not allow anyone to smoke within twenty-five feet of the building. (Doc. 64.) Plaintiff claims Defendants violated these guidelines by wrongfully designating the PCRDF as a "smoke free" facility, even though they allow employees to smoke. There are several problems with this assertion. First, Plaintiff has not offered any evidence to support his contention of what the alleged guidelines provide. Second, prisoners do not have a constitutional right to enforce compliance with any internal rules or guidelines. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). Finally, Plaintiff has not

6

produced any evidence demonstrating he was harmed by the allegedly improper designation. For these reasons, I conclude Defendants are entitled to qualified immunity and summary judgment in their favor.

## V.     CONCLUSION

IT IS, THEREFORE, ORDERED that:

1.     Defendants' Motion for Summary Judgment (Doc. 59) is GRANTED, Plaintiff's claims against defendants Green, Witham, Bailey, Sanders, Moseley, Hagerty, Browning, Rimmer, Smith, Lambert, and Stovall are DISMISSED with prejudice, and this case is CLOSED.

2.     I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Memorandum and Order, as well as the accompanying Judgment, would not be taken in good faith.

DATED this 6th day of February 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE